[No. 474.   August 24, 1892.]

DEMETRIO PEREZ, TERRITORIAL AUDITOR, APPEL-
LANT, v. TERRITORY OF NEW MEXICO EX REL.
WILLIAM H. WHITEMAN, APPELLEE.

DISTRICT ATTORNEYS, PAYMENT OF FEES OF—ACT FEBRUARY 26, 1891—
CONSTRUCTION OF STATUTES.—Held:   That clause of the finance bill
of February 26, 1891, appropriating $7,000, for the "salary fund of
district attorneys," includes the fees as well as salaries of such attor-
neys, and when there is a balance in the territorial treasury, suffi-
cient for the purpose, it is subject to the payment of such fees.

APPEAL, from an order directing a peremptory writ
of mandamus to issue to compel the territorial auditor
to audit a claim for district attorneys' fees and draw his
warrant upon the treasurer for the payment of the
same, from the Second Judicial District Court, Ber-
nalillo County.   Judgment affirmed.

The opinion states the facts.

EDWARD L. BARTLETT, solicitor general, for the
territory.

McFIE, J.—On the eleventh day of May, 1891,
the territory, on the relation of William H. Whiteman,
filed in the office of the clerk of the Second judicial dis-
trict, county of Bernalillo, and territory of New Mex-
ico, a petition for a writ of mandamus, alleging, in
substance, that said Whiteman had been appointed
and duly confirmed as district attorney of the counties
of Bernalillo and Valencia, in said district, and in the
discharge of his duties as such there was due him the
sum of $230, for fees earned in the prosecution and
defense of criminal cases in said district, as provided
by law; that he had made a demand upon the auditor

for a warrant for the amount, but that said auditor refused to draw a warrant for the amount upon the treasury, and that he still refuses to audit said account and draw said warrant, upon the ground that there is no appropriation made by the legislative assembly to pay fees of district attorneys. The petition further alleges that the legislative assembly of the territory of New Mexico, at its twenty-ninth session, passed an act to provide funds and making appropriations for the forty-second and forty-third fiscal years, and for other purposes, approved February 26, 1891, and that by said act made an appropriation of $7,000 for the payment of district attorneys for the forty-second fiscal year, and the same amount for the forty-third fiscal year. The petitioner further represented that there are eight district attorneys in said territory; that they are entitled by law to receive $500 per annum each as salary; and that the payment of such amounts to each of said district attorneys would make an amount of $4,000, leaving a balance of $3,000 in the territorial treasury, to the credit of the fund provided for district attorneys; and from this fund the petitioner seeks to compel the respondent to audit his account and draw his warrant upon the treasurer, as auditor of said territory, for the payment of the amount due petitioner. Upon this petition the court ordered the alternative writ of mandamus to issue, directing the respondent as such auditor to audit said account and draw said warrant, or show cause why he did not do so. The respondent declined to. audit said account and draw said warrant in response to said writ, and on the eighteenth day of May filed an answer to the same in the nature of showing cause why he did not comply with the writ. The respondent in his answer admits that said Whiteman was district attorney as alleged; that the services were rendered, and that the amount claimed therefor was a proper and legitimate charge under the law, against the territory of New Mexico;

admits the presentation to him of a verified account, and his refusal to audit the same, and draw his warrant on the territorial treasurer for the amount; and places his refusal upon the ground that there was no money available for the payment thereof, and that he was therefore prohibited by law from drawing such warrant, under section 10, chapter 95, Laws, 1891, which is as follows: "Sec. 10. If the auditor of the territory shall draw any warrant on the treasurer of the territory or if the treasurer of the territory shall pay any warrant when there is no money in the treasury in the particular fund for which the warrant is drawn, he shall be liable to a fine of not less than one thousand dollars ($1,000) and imprisonment for not less than one year, and shall be summarily removed from office by the governor." Respondent further admits that there was an appropriation for the forty-second fiscal year of the sum of $7,000, included in the finance bill, and designated therein as "salary fund for district attorneys." It is further admitted that the total amount of salary due the several district attorneys for the forty-second fiscal year, would be $4,000, leaving a balance of $3,000, which would be covered into the treasury for the redemption of outstanding warrants, at the close of the fiscal year. The respondent further says in his answer that the said funds provided for in the finance bill were to be raised by specific levies of taxation; that said levies had been made; and further says "that such specific levies were by said law apportioned among ten separate and distinct funds therein provided, among which there were none for the fees of the district attorneys." Appended to the answer of the respondent is the following certificate of the territorial treasurer:

"I, Rufus J. Palen, territorial treasurer of the territory of New Mexico, do hereby certify that the balance on hand of the entire salary fund of the territorial funds of said territory on the 16th day of May, A. D.

1891, is ten thousand, six hundred and four and 35-100
dollars.   Witness my hand and seal this 16th day of
May, A. D. 1891.                 RUFUS J. PALEN,
                                        "Treasurer."
    To the answer of the respondent, petitioner filed a
demurrer, in which the special causes of demurrer are
set up as follows:   First.   That the twenty-ninth leg-
islative assembly of the territory of New Mexico, in an
act approved February 26, 1891, appropriated the sum
of $7,000 for the payment of salaries and fees of the dis-
trict attorneys for the forty-third fiscal year, out of the
salary fund.   Second.   That the appropriation of
$7,000 for the payment of salaries and fees of district
attorneys for the forty-third fiscal year was the appro-
priation of money actually in the territorial treasury at
the date of said act, and was derived from taxes paid
into said treasury during the forty-second fiscal year.
The court sustained the demurrer to the answer, and
awarded the peremptory writ of mandamus against the
respondent.   From these pleadings it is clear that the
question to be determined is whether the relator was
entitled to have his account audited and warrant
drawn by the auditor for the amount demanded by
him, as fees of district attorneys.   The respondent
refused to audit the account or issue the warrant, up-
on the ground that there was no appropriation for the
"fees of district attorneys," although admitting that
there were $3,000 in the fund set apart in the finance
bill for salaries of district attorneys, and admitting that
it was probably the intention of the legislature that the
overplus of said fund should be applied in payment of
the fees of district attorneys.
    We are therefore required to declare the proper
construction of that clause of the finance bill appropri-
ating $7,000 for the "salary fund of dis-

PAYMENT of fees
of district attor-
neys: construc-
tion of statutes.
trict attorneys."   On the part of the re-
lator the contention is that the term is
broad enough to include both salary and the fees of

district attorneys to the extent of the fund provided
for district attorneys, that is, that the term should be
construed as being equivalent to "compensation for dis-
trict attorneys," including both salary and fees; while
on the part of the respondent the contention is that
nothing but the salaries provided by law, excluding
fees, are included in the terms. We believe that this
clause in the finance bill should be liberally construed.
It could not have been the intention of the legislature
to appropriate the sum of $7,000 specifically for district
attorneys, and make that appropriation in such a man-
ner that only $4,000 of that sum could be paid to them.
It is admitted by the respondent that the $3,000
remaining in the fund, after the statutory salaries were
paid out of it, would be covered into the treasury, as a
general fund for the redemption of outstanding war-
rants at the close of the fiscal year by operation of law.
This shows very clearly that the legislature did not
intend by the said act to appropriate $7,000 for district
attorneys, and then deprive them of $3,000 of the
amount. We think the legislature intended, by the
terms used in the finance bill, that the entire amount
of $7,000 should be paid to the district attorneys for
the compensation due them, either for statutory salary,
or for fees, and that, if such compensation did not
amount to the full sum appropriated, the balance
should be covered into the treasury. The language
used in the finance bill is susceptible of such a con-
struction, and is consistent with the evident intention
of the legislature. By thus construing this act, it is
clear that the relator was entitled to have the account
audited, and a warrant drawn upon the treasury for
the amount; and the statement of the treasurer shows
that there were funds in the hands of the treasurer at
the time the answer of the respondent was filed. In
view of the law prohibiting the auditor from auditing
accounts and drawing his warrant where there are no

funds in the treasury to pay them, and in view of the question raised by the answer of the respondent, which was dependent upon a construction of the statute as to whether or not there were funds in the treasury upon which he could properly draw his warrant in favor of the relator, we can but commend the course of the respondent in refusing to issue the warrant as commanded by the alternative writ, prior to a judicial determination of his right to draw upon this fund. Still, we think the court properly awarded the peremptory writ, and that there was no error in the court's action in doing so. The record shows that the respondent immediately complied with the commands of the peremptory writ, and issued the warrant to the relator. The appeal in this case did not operate as a supersedeas, and hence the money has doubtless been paid. The forty-second fiscal year having expired, and all surplus funds having been covered into the treasury, there seems to remain only a question of costs. The judgment of the court below will therefore be affirmed, at the costs of the respondent.

O'BRIEN, C. J., and SEEDS and FREEMAN, JJ., concur.